UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS JEWELL CARR                                               Plaintiff

v.                                            Civil Action No. 3:19-cv-P401-RGJ

HANS PFAFFENBERGER, *et al.*                                  Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Thomas Jewell Carr's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff is a pretrial detainee incarcerated in the Louisville Metro Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 against the following Defendants: "Fraud-experienced Attorney Hans Pfaffenberger," public defender; Prosecutor Victoria Borders, Assistant Jefferson County Attorney; Honorable Jefferson County Judge Anne Haynie; Honorable Jefferson County Judge Jessica A. Moore; and "Expert-witness/Detective Sarah Mantle" of the Louisville Metro Police Department. Plaintiff fails to allege the capacity in which he sues Defendant Judge Haynie, but sues all other Defendants in their official capacities.

Plaintiff alleges that a probable-cause hearing was held on April 9, 2019, and a revocation proceeding was held on May 17, 2019. He claims that his public defender, Defendant Pfaffenberger, "asked to 'withdraw'" three times in March 2019, and on May 17, 2019, "as well complaint's being made of 'a conflict of interest' but all (Denied) by [Defendant Judge] Moore;

followed by claiming his (Law-firm) say there is no-conflict." Plaintiff further claims that Defendant Pfaffenberger "neglected to call witness and 'submit' to prosecutors" (emphasis omitted).

In addition, Plaintiff alleges, "on DVD, i witnessed Judge Anne Haynie, Prosecutor Victoria-Borders and fraud-attorney have a discussion upon 'themselves without my presence' (before) entering the courtroom, stating i would 'later' be (Exonerated) from charges-but i will be held for 'abscond' since Aug. 2018. Fabricated-charges to 'swindle' wrongful-conviction. (conspiracy)." He claims that on April 9, 2019, Defendant Pfaffenberger "along with (accomplice's) conducted a 'scheming-proceeding' during a 'probable-cause hearing.'" He then seems to indicate that some type of court order was entered and that the "court-order was later 'inconsistently-changed' (after) clear-order's being made to me 'directly' from Judge Anne Haynie; stating on this date and time i was not-allowed: to call any-witnesses to testify on my-behalf, present any-evidence on my-behalf." He also alleges that the "Prosecutor and Expert-witness falsely-testified under oath."

Plaintiff further alleges as follows:

> Judge Anne Haynie, (Also) had the knowledge of my testifying-witness present because "not-only" did prosecutor Victoria-Borders ask to have her (removed – Before PAC Hearing) but Fraud-Attorney Hans Pfaffenberger called her to testify during P.C Hearing but was (Denied). Judge Haynie "neglected" to call witness in her role of the (scheme) "intentionally."
> After Hearing (inconsistently-approved) []no-probation-officer present to testify, Judge Anne Haynie (Denied) to revoke my probation at the time as her role, and instead (wrote a note) to Judge Jessica A. Moore, to play her part in the (scheme) by returning from her "Spring-Break" with (no-knowledge of Jurisdiction-Notice of case# 18-m-006567-no-contact order violated by alleged-victim Tara Edwards, no-knowledge testimony and evidence presented at P.C Hearing, her role was to (read the note from Judge Anne Haynie; stating (if) indicted; (Based-soley off testimony and evidence introduced by scheme-team), the

court shall "revoke" probation. Judge Jessica A. Moore "Revoked" on 5-17-2019 due to the fact's of the scheme. (organized-crime), (fraud).

More "Fraud-after indictment." Judge Anne Haynie (Dismissed Wanton-endangerment, but after indicted-charges consisted of (4) added-charge's as well (3) count's of wanton-endangerment 1st and PFO I, as well (disposal "of evidence") from case #18-m-006567 involving no-contact order as well #18-m-006567 case dismissed/revoked from docket-legal-proceeding's.

As relief, Plaintiff seeks monetary and punitive damages and "Any and All relief entitled/offered-settlement."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the

complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### *Defendant Pfaffenberger*

Plaintiff alleges that Defendant Pfaffenberger is the public defender representing him in his criminal action(s). However, "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). An exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). While Plaintiff alleges a conspiracy/scheme among Defendants, he has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Plaintiff, therefore, fails to state a § 1983 claim against Defendant Pfaffenberger, and the claims against him will be dismissed.

### *Judges Haynie and Moore and Prosecutor Borders*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants

Judges Haynie[1] and Moore and prosecutor Borders are employees of the Commonwealth of Kentucky.

State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983.

Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

### *Defendant Mantle*

Plaintiff sues Defendant Mantle in her official capacity only. The official-capacity claims are actually against her employer, the Louisville Metro Government. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."

---

[1] Plaintiff does not specify in which capacity he sues Defendant Haynie. "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.* The Court finds that the complaint fails to indicate that Plaintiff intends to impose individual liability on Defendant Haynie, and none of Plaintiff's other filings pertain to that issue. Thus, the Court construes the claims against Defendant Haynie as being brought against her in her official capacity only.

*Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff does not allege that any wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against Defendant Mantle in her official capacity.

### III.

For these reasons, the Court will enter a separate Order dismissing the instant action.

Date: January 14, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.005